[31600] [O/ Authorizing Individual Debtors to Manage Financial Affairs]

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                                              Case No. 3:10–bk–02954–PMG
                                                                                    Chapter 11

Dane Edward Baird Jr.


Sarah Dobson Baird


_____Debtor(s)_____ /


ORDER AUTHORIZING INDIVIDUAL DEBTORS TO MANAGE FINANCIAL AFFAIRS


   Pursuant to Section 1107 of the Fed. R Bank. P. and Local Rule 2081–1 of the Middle District of Florida the debtor–in–possession is entitled to manage their financial affairs during the pendency of the case. It appears to be appropriate, in order to safeguard the estate, to impose certain specific terms and conditions. It is

   ORDERED:

   1. The debtor shall continue in possession and control of their property and, as debtor–in– possession, is authorized to manage their financial affairs and property, and shall have the powers of a trustee as provided by Section 1107 of the Bankruptcy Code.

   2. The debtor–in–possession is authorized, subject to the control of the Court, to manage their financial affairs and property.

   3. Subject to the provisions of Section 363 and Section 365 of the Bankruptcy Code and the notice requirements of the Fed. R Bank. P. 2002, the debtor–in–possession may use, sell or lease property of the estate.

   4. The debtor–in–possession is authorized to pay all necessary and current expenses, including taxes incurred as a result of financial operations or imposed on his property, to the extent that such payments are necessary to preserve the assets, however, unless ordered by the Court or authorized herein, such payments may only be made for post–petition obligations.

   5. Unless otherwise ordered by the Court, the debtor–in–possession, consistent with Section 345 of the Bankruptcy Code, is authorized to open and maintain bank accounts for the deposit, investments, and disbursement of monies of the estate.

   6. Unless otherwise ordered by the Court, the debtor–in–possession is directed to segregate all monies collected for taxes, to deposit these monies in a separate bank account, and to pay them over to the proper authorities when due.

   7. Unless otherwise ordered by the Court, the debtor–in–possession shall close his present books of account and shall open and maintain new books of accounts as of the date of the petition, showing all earnings, receipts and disbursements of the debtor subsequent to such date, and shall preserve proper voucher for all payments.

   8. The debtor–in–possession may institute, defend, intervene, and subject to the notice provisions of the Fed. R. Bank. P. 2002, compromise any action or legal proceeding on behalf of or against the estate.

9. The debtor–in–possession shall file with the court by the twenty–first day of the month succeeding the reporting period:

    a. a monthly cash flow statement reflecting all income and all expenses paid during the month of the report;

    b. a monthly bank accounts reconciliation report showing for each account, the account number, opening balance at the beginning of the month, amount disbursed, amount deposited and the closing balance.

    c. a monthly cash register consisting of a list of all checks by number, date written, name of payee, consideration and amount.

    d. a personal property inventory and disposition report; and

    e. a statement under Penalty of Perjury signed by the debtor.

10. These conditions and the limitations imposed on the debtor–in–possession by the Bankruptcy Code Section 704(7) and the Fed. R. Bank. P. 2015(3) shall remain in full force and effect unless vacated or modified by the Court, the plan is confirmed, the case is dismissed or converted, and the Court retains jurisdiction to alter, modify, amend, revoke, enforce and impose sanctions with respect to each provision of this Order.

Dated April 13, 2010.

_____
Paul M. Glenn
Chief United States Bankruptcy Judge

Copies furnished to:
Debtor(s)
Debtor(s)' Attorney
United States Trustee