# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

In re:

DANE E. BAIRD,
SARAH B. BAIRD
                    Debtors

Case No. 3:10-bk-2954 (PMG)

Chapter 11

## ORDER CONFIRMING DEBTORS'
## CHAPTER 11 PLAN OF REORGANIZATION

This case came before the Court for hearing on March 12, 2013 (the "Confirmation Hearing") to consider confirmation of the Debtors' *Plan of Reorganization* (the "Plan" [1]) [Doc. No. 75]. The Court, having considered the Plan and Disclosure Statement, the evidence presented, the testimony of the Debtor Dane E. Baird, the statements and representations of counsel including the Ballot Tabulation filed by counsel for the Debtors [Doc. No. 134], the Court's previous *Order Finding 11 U.S.C. 1129(a) Requirements met with Exception of Paragraph Eight, Eleven and Fifteen* (Doc. No. 217), any votes cast at the Confirmation Hearing, the modifications, amendments and additions to the Plan announced on the record at the Confirmation Hearing by counsel for the Debtors, and pursuant to Bankruptcy Rule 7052, makes the following findings of fact and conclusions of law:

### Findings of Fact and Conclusions of Law

A.      Adequate and sufficient notice, as required pursuant to the Bankruptcy Rules and the Court's *Order Approving Disclosure Statement, Setting Hearing on Confirmation, and Fixing Time to File Acceptance or Rejection of Plan* [Doc. No. 99] was provided to all known creditors,

---

[1] Unless otherwise defined, any capitalized terms, both in singular and plural form, herein shall have the same meaning ascribed to them in the Plan and Disclosure Statement. The term Claim, both in singular and plural form, shall have the meaning prescribed under 11 U.S.C. § 101(5).

equity security holders, the Office of the U.S. Trustee, and other parties in interest of: i) the Plan and Disclosure Statement; ii) the deadline to file and serve objections to confirmation of the Plan; iii) the deadline for voting on the Plan; and iv) the hearing on approval of the confirmation of the Plan.

**Jurisdiction and Venue**

B.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the District Court's general order of reference.  Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b).  Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

**11 U.S.C. § 1129(a)(1) through (a)(7) and (a)(9)(a)(10), (a)12 through (a)(14), and (a)(16))**

C.      The Court has entered previously its *Order Finding 11 U.S.C. 1129(a) Requirements met with Exception of Paragraph Eight, Eleven and Fifteen* (Doc. No. 217) in which it found that all the provisions of 11 U.S.C. § 1129(a) had been satisfied with the exception of (a)(8), (a)(11) and (a)(15).

**11 U.S.C. § 1129(a)(8)**

D.      Classes 2 and 17 are impaired classes that voted to accept the Plan.  Classes 1 and 18 are unimpaired and deemed to have accepted the Plan.  Notwithstanding the foregoing, the requirements of 11 U.S.C. § 1129(a)(8) have not been satisfied with respect to each Class of Claims or Interests.

**11 U.S.C. § 1129(a)(11)**

E.      The Court finds that the Plan meets the requirements of 11 U.S.C. § 1129(a)(11).

**11 U.S.C. § 1129(a)(15)**

F.      The Court finds that the Plan meets the requirements of 11 U.S.C. § 1129(a)(15) in that no holder of an allowed unsecured claim objected to the confirmation of the Plan.

**11 U.S.C. § 1129(b)**

G.    In accordance with previous orders of the Court granting the Debtors' Motions Pursuant to 11 U.S.C. Section 1129(b) [Doc. Nos. 257 through 268], the Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the Plan.

**The Court's Oral Findings Are Incorporated by Reference**

H.    The Court's oral findings of fact and conclusions of law announced on the record at the Confirmation Hearing are incorporated by reference herein.

**All Requirements for Confirmation Have Been Satisfied**

I.    All of the requirements for Confirmation under 11 U.S.C. § 1129 have been satisfied. Confirmation of the Plan is in the best interests of the Estate, its creditors, and all other parties in interest.

It is therefore **ORDERED AND ADJUDGED** that:

1.    The Plan, as attached hereto as **Exhibit A** and as modified herein and on the record at the Confirmation Hearing, is **CONFIRMED** and **APPROVED** in all respects.

2.    Any and all objections to Confirmation not withdrawn or otherwise addressed in this Order are expressly **OVERRULED**. The Debtors shall make the payments under the Plan as itemized on the attached Exhibit "B".

3.    The Findings of Fact and Conclusions of Law set forth above shall constitute findings of fact and conclusions of law of this Court pursuant to Bankruptcy Rule 7052. To the extent any finding of fact later shall be determined to be a conclusion of law it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact it shall be so deemed.

4.      Notice was adequate and sufficient under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and Orders of this Court, and the Due Process Clause of the United States Constitution.

5.      The Effective Date shall be the eleventh business day after the date when the confirmation order becomes a final order. If a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

6.      Title to the Debtors' property, unless expressly abandoned under the Plan, shall re-vest in the Debtors and shall be property of the Debtors, as reorganized under the Plan.

7.      The Debtors is authorized and directed to take all actions necessary or appropriate to enter into, implement, and consummate the contracts, instruments, releases, settlements, and other agreements or documents created in connection with the Plan.

8.      Pursuant to the Plan and this Order, the Debtors hereby assumes (a) all real property leases under which she is the lessor (landlord). All other executory contracts and unexpired leases not assumed by the Debtors on or before the Confirmation Date by order of the Court, or by this Order, are rejected.  Any party to a contract or lease rejected pursuant to this Order with a claim for rejection damages may file a claim within thirty (30) days from entry of this Order and serve a copy on the Debtors' counsel.  The Debtors shall have thirty (30) days from receipt thereof to file an objection to such claim.

9.      The Debtors shall be granted a discharge in accordance with provisions of 11 U.S.C. Section 1141(d)(5) upon completion of all payments under the plan.

10.      Except as otherwise provided in the Plan or this Order or a separate order of the Court, upon the entry of the Debtors' discharge all consideration distributed under the Plan shall

deemed to be in exchange for and in complete satisfaction, discharge and release of Claims of any nature whatsoever, including any interest accrued on such Claims from and after the Confirmation Date, against the Debtors and the Debtors-in-Possession, the Estate, or any of the assets or properties under the Plan (the "Released Parties"). Except as otherwise provided herein, (i) on the entry of a discharge, all such Claims against the Debtors shall be satisfied, discharged and released in full, and (ii) all Persons shall be precluded and enjoined from asserting against the Debtors, their assets or their properties, any other or further Claims based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Petition Date, whether or not such holder has filed a proof of claim or proof of equity interest and whether or not such holder has voted to accept or reject the Plan.

11.     Upon the entry of the Debtors' discharge, and except as otherwise expressly provided in the Plan, this Order or a separate order of the Court, all Persons who have held, hold or may hold Claims against the Debtors are enjoined, on and after the Effective Date and unless and until the entry of an order dismissing the case or converting it to a case under Chapter 7, from (i) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim, (ii) enforcing, attaching, collecting or recovering by any manner or means of any judgment, award, decree or order against the Debtors on account of any such Claim, (iii) creating, perfecting or enforcing any Lien or asserting control of any kind against the Debtors or against the property or interests in property of the Debtors on account of any such Claim, and (iv) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from the Debtors or against the property or interests in property of the Debtors on account of any such Claim. Such injunctions shall extend to successors of the Debtors and their respective properties and interests in property.

12.     Upon the entry of the Debtors' discharge, and except as provided in the Plan, this Order, or a separate order of the Court dismissing the case or converting it to a case under Chapter 7, the Plan, and the provisions and distributions set forth herein, is a full and final settlement and compromise of all Claims and causes of action, whether known or unknown, that the holders of Claims against the Debtors may have against any the Debtors pursuant to Sections 1123(b)(3) and (6) of the Bankruptcy Code and Bankruptcy Rule 9019.  In consideration of the obligations of the Debtors under this Plan and upon the entry of the Debtors' discharge, the securities, contracts, instruments, releases and other agreements or documents to be delivered in connection with this Plan, the Debtors and each holder of a Claim against either or both of the Debtors shall be deemed to forever release, waive and discharge all Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action and liabilities (other than the rights to enforce the Debtors' obligations under this Plan and the securities, contracts, instruments, releases and other agreements and documents delivered thereunder) against the Debtors,  whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors,  the Chapter 11 case or the conduct thereof, or the Plan.

13.     Unless otherwise provided in the Plan or this Order, all injunctions or stays provided for in the Bankruptcy Case under sections 105 or 362 of the Bankruptcy Code or otherwise, and which are in effect on the Confirmation Date, shall remain in full force and effect until the Effective Date.

14.    This Order is in recordable form, and shall be accepted by any filing or recording officer or authority of any applicable governmental unit for filing and recording purposes without further or additional orders, certifications, or other supporting documents.

15.    Any and all transfers of property made pursuant to the Plan, including the subsequent sale or transfer of those assets by the Debtors for the benefit of creditors pursuant to the Plan shall not be taxed under any law imposing a stamp tax or similar tax pursuant to 11 U.S.C. § 1146.

16.    Under Sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding entry of this Order and occurrence of the Effective Date, and except as otherwise ordered by the Court, the Court shall retain exclusive jurisdiction over all matters arising out of, and related to, the above-referenced bankruptcy case and the Plan to the fullest extent permitted by law.

17.    This order incorporates the Court's previous Orders Granting Debtors' Motions to Value Claims, including but not limited to Doc. Nos. 270, 271 and 273.

18.    The Debtors shall pay the United States trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) within ten (10) days after the entry of this order for pre-confirmation periods and simultaneously provide to the United States Trustee an appropriate Monthly Operating Report indicating the cash disbursements for the relevant period; the Debtors shall file with the Bankruptcy Court a financial report or statement of disbursements for each quarter (or portion thereof) that this Chapter 11 case remains open, in a format prescribed by the United States Trustee and the Debtors shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) for post-confirmation periods within the time period set forth in 28 U.S.C. 1930(a)(6), until the earlier of the closing of this case by the issuance of a

Final Decree by the Court, or upon the entry of an Order by this Court dismissing this case or

converting this case to another chapter under the Bankruptcy Code.

DATED: July 30, 2013 in Jacksonville, Florida.

Paul M. Glenn
United States Bankruptcy Judge

Robert D. Wilcox is ordered to serve a copy of this order on all creditors and parties-in-interest
and file a proof of service within three days of the entry of this order.

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:                                                          Case No.: 3:10-bk-02954 (PMG)

DANE E. BAIRD                                         Chapter 11

SARAH B. BAIRD
          Debtors.

### DEBTORS' PLAN OF REORGANIZATION

ARTICLE I
SUMMARY

This Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Dane E. Baird and Sarah B. Baird (the "Debtors") from the Debtors' future income.

This Plan provides for four classes of secured claims, one class of priority unsecured claims and two classes of non-priority unsecured claims, with one of those a convenience class. Unsecured creditors holding allowed claims will share in distributions of a total of $10,750.00 in monthly installments in months 16 through 60. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. Your rights may he affected. You should read these papers carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.

ARTICLE II
CLASSIFICATION OF CLAIMS AND INTERESTS

| | |
|---|---|
| Class 1. | All allowed claims entitled to priority under Section 507 of the Code except priority tax claims under Section 507(a)(8). |
| Class 2. | The secured claim of Middlesex Federal Savings, to the extent allowed as a secured claim under Section 506 of the Code based upon the Debtors' interest in 53 Flint St., Somerville, Massachusetts. |
| Class 3. | The claims of Bank of America, to the extent allowed as a secured claim under Section 506 of the Code based upon the Debtors' interest in 53 Flint St., Somerville, Massachusetts. |
| Class 4. | The claims of Tax Collector, City of Somerville, MA on 53 Flint St., Somerville, Massachusetts |
| Class 5. | The claim of Deutsche Bank to the extent allowed as a secured claim under Section 506 of the Code based on Debtors' interest in 22 White St. Place, Unit 1, to the extent allowed as a secured claim under Section 506 of the Code. |
| Class 6. | The claim of USAA Federal Savings to the extent allowed as a secured claim under Section 506 of the Code based on Debtors' interest in 22 White St. Place, Unit 1. |
| Class 7. | The secured claim of E. Craviero, Somerville MA, to the extent allowed as a |

1

secured claim under Section 506 of the Code based on Debtors' interest in 22 White St. Place, Unit 1.

Class 8.    The secured claim of Deutsche Bank, to extent allowed as a secured claim under section 506 of the Code based upon Debtors' interest in 22 White St. Place Unit 2, Somerville, Massachusetts.

Class 9.    The secured claim of Citimortgage, to the extent allowed as a secured claim under section 506 of the Code based upon Debtors' interest in 22 White St. Place Unit 2, Somerville, Massachusetts.

Class 10    The secured claim of E. Craviero, to the extent allowed as a secured claim under section 506 of the Code based upon Debtors' interest in 22 White St. Place Unit 2, Somerville, Massachusetts.

Class 11    The secured claim of One West, to the extent allowed as a secured claim under section 506 of the Code based upon Debtors' interest in 22 White St. Place, Unit 3, Somerville, Massachusetts.

Class 12    The secured claim of E. Craviero, to the extent allowed as a secured claim under section 506 of the Code based upon Debtors' interest in 22 White St. Place, Unit 3, Somerville, Massachusetts.

Class 13    The secured claim of Freddie Mac, to the extent allowed as a secured claim under section 506 of the Code based upon Debtors' interest in 1435 Silver Street, Jacksonville, Florida.

Class 14    The secured claim of Bank of America, to the extent allowed as a secured claim under section 506 of the Code based upon Debtors' interest in 1435 Silver Street, Jacksonville, Florida.

Class 15    The secured claim of Mike Hogan, Tax Collector, Duval County, to the extent allowed as a secured claim under section 506 of the Code based upon Debtors' interest in 1435 Silver Street, Jacksonville, Florida.

Class 16    The secured claim of BB&T, to the extent allowed as a secured claim under section 506 of the Code.

Class 17    All unsecured claims over $100.00 allowed under § 502 of the Code.

Class 18    All unsecured claims under $100.00 allowed under § 502 of the Code.


ARTICLE III
TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
U.S. TRUSTEES FEES AND PRIORITY TAX CLAIMS

3.01    Unclassified Claims. Under section §1123(a)(l), administrative expenses claims, and priority tax claims are not in classes.

3.02    Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03    Priority Tax Claims. Each holder of a priority tax claim will be paid in regular installments in cash of a total value equal to the amount of such claim over the period ending not later than five years after the Petition Date, or the length of the Plan, whichever is less.

3.04    United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6)

(U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Priority Claims | Unimpaired | Class 1 is unimpaired by this Plan, and each holder of a Class I Priority Claim will be paid in full, in cash, upon the later of the effective date of this Plan as defined in Article VII, or the date on which such claim is allowed by a final non-appealable order. |
| Class 2— Secured Claim of Middlesex Federal | Impaired | Class 2 is impaired by this Plan. The 53 Flint St., Somerville, Massachusetts property will be surrendered in full satisfaction of all claims of Middlesex Federal, both secured and unsecured. |
| Class 3— Secured Claim of Bank of America | Impaired | Class 3 is impaired by this Plan, and shall be treated as a general unsecured claim. |
| Class 4- Secured Claim of E. Craviero, Tax Collector | Impaired | Class 3 is impaired by this Plan. The 53 Flint St., Somerville, Massachusetts property will be surrendered in full satisfaction of claims of the Tax Collector related to this property. |
| Class 5— Secured Claim of Deutsche Bank-22 White Street Place, Unit 1, Somerville, MA, | Impaired | Class 5 is impaired by this Plan, and allowed in the amount of $328,893.75.The Debtors shall pay the allowed claim in full over 30 years, at 5% per annum. All amounts filed in the claim over and above the allowed amount shall be treated as a general unsecured claim. |
| Class 6— Secured Claim of USAA Federal Savings | Impaired | Class 6 is impaired by this Plan, and shall be treated as a general unsecured claim. |
| Class 7- Secured Claim of E. Craviero, Tax Collector | Impaired | Class 7 is impaired by this Plan, and to the extent it is a secured claim due to a lien on the Debtors' interest in 22 White Street Place, Unit 1, Somerville, MA shall be paid the full amount of the allowed secured claim as follows: On a non-amortizing basis for five years, then amortized over 25 years, both at 4% per annum. |
| Class 8- Secured Claim of Deutsche Bank | Impaired | Class 8 is impaired by this Plan, and allowed in the amount of $307,631.25.The Debtors shall pay the allowed claim in full over 30 years, at 5% per |

3

| | | |
|---|---|---|
| -22 White Street Place, Unit 2, Somerville, MA, | | annum. All amounts filed in the claim over and above the allowed amount shall be treated as a general unsecured claim. |
| Class 9-Secured Claim of Citimortgage | Impaired | Class 9 is impaired by this Plan, and shall be treated as a general unsecured claim. |
| Class 10- Secured Claim of E. Craviero, Tax Collector | Impaired | Class 10 is impaired by this Plan, and to the extent it is a secured claim due to a lien on the Debtors' interest in 22 White Street Place, Unit 2, Somerville, MA will be paid in full over five years at the statutory interest rate. |
| Class 11- Secured Claim of One West--22 White Street Place, Unit 3, Somerville, MA, | Impaired | Class 11 is impaired by this Plan, and allowed in the amount of $430,425.00.The Debtors shall pay the allowed claim in full over 30 years, at 5% per annum. All amounts filed in the claim over and above the allowed amount shall be treated as a general unsecured claim. |
| Class 12- Secured Claim of E. Craviero, Tax Collector | Impaired | Class 12 is impaired by this Plan, and to the extent it is a secured claim due to a lien on the Debtors' interest in 22 White Street Place, Unit 3, Somerville, MA will be paid in full over five years at the statutory interest rate. |
| Class 13- Secured Claim of Freddie Mac | Impaired | Class 13 is impaired by this Plan. The 1435 Silver Street, Jacksonville, Florida property will be surrendered in full satisfaction of all claims of Freddie Mac both secured and unsecured. |
| Class 14- Secured of Bank of America | Impaired | Class 14 is impaired by this Plan. The 1435 Silver Street, Jacksonville, Florida property will be surrendered in full satisfaction of all claims of Bank of America both secured and unsecured. |
| Class 15- Mike Hogan, Tax Collector | Impaired | Class 15 is impaired by this Plan. The 1435 Silver Street, Jacksonville, Florida property will be surrendered |
| Class 16- BB&T, to the extent allowed as a secured claim under section 506 of the Code | Impaired | Class 16 is impaired by this Plan, and shall be shall be paid the full amount of the allowed secured claim as follows: Over 5 years, with 4% interest per annum. |
| Class 17 - General Unsecured Creditors | Impaired | Members of this class shall receive, on a pro rata basis, distribution of $10,750.00, with payments on a quarterly basis. |
| Class 18- General Unsecured Creditors | Impaired | As a convenience class, members of this class shall receive the lesser of (a) the full value of the allowed claim, or (b) a payment of $20.00. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02    Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03    Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases.

(a)    The Debtor assumes the following executory contracts and/or unexpired leases effective upon the effective date of this Plan as provided in Article VII:

None

(b)    The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.0 1(a) above, or before the date of the order confirming this Plan, upon the date of the entry of the order confirming this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan.

## ARTICLE VII
## GENERAL PROVISIONS

7.01    Definitions and Rules of Construction. The definitions and rules of construction set forth in §§101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

7.02    Effective Date of Plan. The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

7.03    Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

7.04    Binding Effect. The rights and obligations of any entity named or referred to in

this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

7.05    Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

7.06    Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

ARTICLE VIII
DISCHARGE

8.01    Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in Section 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under Section 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

ARTICLE IX
OTHER PROVISIONS

9.01    Except for claims of governmental units, any creditor's claim filed after the Bar Date set by the Court will receive no distribution under this plan unless specifically provided for above, unless debtor files the same on behalf of a creditor.

9.02    All creditors shall retain their liens to the extent permitted by 11 U.S.C. Section 506(d), except as the underlying debts are extinguished under this Plan.

9.03    To satisfy the requirements of Section 365 of the Bankruptcy Code, Debtor hereby assume all leases and contracts.

9.04    Title to the Debtor's property shall revest in the Debtor upon confirmation of this Plan.

9.05    Except as provided for in the plan, the order confirming the plan or other court order, no interest, late charges, penalties or attorney's fee after the date of case filing will be paid to or assessed by any secured creditor.

9.06    Once Debtor successfully complete the Chapter 11 plan and a discharge is entered by the Court, no creditor shall be entitled to any late fees, attorney's fees, other costs or interest other than the interest contained in the payments provided for by the plan during this bankruptcy, including the life of this Plan, except as ordered by this Court, excluding existing student loan claims.

9.07    Debtor will keep the collateral that secures any debt paid under this Plan insured

6

as provided for in the agreement between the Debtors and any creditor.

9.08    Debtors will have 180 days after the claims bar date to file any Motions to Value or Objections to Claims that have been timely filed.  Any Order Confirming or Modifying the Plan will not be res judicata as to any Motions or Objections to timely filed claims brought pursuant to this paragraph.

9.09    All distribution checks shall be sent to the address listed on a proof of claim for the respective creditor, or, if no proof of claim has been filed but the claim is an allowed claim, to the address listed in the Debtors' schedules. If a check is returned as undeliverable, the Debtors shall make reasonable efforts to locate the creditor. If, after such effort, a second distribution check is returned as undeliverable, the check shall be cancelled and the funds returned to the estate.


_____

Dane E. Baird, Plan Proponent


_____

Sarah B. Baird, Plan Proponent



Counsel for the Debtors:

Robert D. Wilcox
Florida Bar No. 755168
WILCOX LAW FIRM
814 North Highway A1A, Suite 202
Ponte Vedra Beach, Florida  32082
Telephone:  904-405-1248
Facsimile:  904-513-9201
Email: rw@wlflaw.com

| EXHIBIT "B" | SCHEDULE OF PAYMENTS |
|---|---|
| Class | Treatment |
| Administrative Expenses | The Debtors shall pay these expenses in full on the Effective Date. |
| Class 1 - Priority Claims | There are no allowed claims in this class, and the Debtors shall make no payments. |
| Class 2— Secured Claim of Middlesex Federal | No payments will be made to this class. |
| Class 3— Secured Claim of Bank of America | Class 3 shall be treated as a general unsecured claim and paid on a pro rata basis. |
| Class 4- Secured Claim of E. Craviero, Tax Collector | No payments will be made to this class. |
| Class 5— Secured Claim of Deutsche Bank | Class 5 is impaired by this Plan, and allowed in the amount of $328,893.75.The Debtors shall pay the allowed claim in full over 30 years, at 5% per annum, with payments of $1,765.57 per month. All amounts filed in the claim over and above the allowed amount shall be treated as a general unsecured claim. |
| Class 6— Secured Claim of USAA Federal Savings | Class 6 shall be treated as a general unsecured claim and paid on a pro rata basis. |
| Class 7- Secured Claim of E. Craviero, Tax Collector | Class 7 is impaired by this Plan, and to the extent it is a secured claim due to a lien on the Debtors' interest in 22 White Street Place, Unit 1, Somerville, MA shall be paid the full amount of the allowed secured claim on a non-amortizing basis for five years, then amortized over 25 years, both at 4% per annum. |
| Class 8- Secured Claim of Deutsche Bank | Class 8 is impaired by this Plan, and allowed in the amount of $307,631.25.The Debtors shall pay the allowed claim in full over 30 years, at 5% per annum, with payments of $1,651.43 per month All amounts filed in the claim over and above the allowed amount shall be treated as a general unsecured claim.. |
| Class 9-Secured Claim of Citimortgage | Class 9 shall be treated as a general unsecured claim and paid on a pro rata basis. |
| Class 10- Secured Claim of E. Craviero, Tax Collector | Class 10 is impaired by this Plan, and to the extent it is a secured claim due to a lien on the Debtors' interest in 22 White Street Place, Unit 2, Somerville, MA will be paid in full over five years at the statutory interest rate. |
| Class 11- Secured | Class 11 is impaired by this Plan, and allowed in the amount of |

| Claim of One West | $430,425.00.The Debtors shall pay the allowed claim in full over 30 years, at 5% per annum, with payments of $2,310.61 per month. All amounts filed in the claim over and above the allowed amount shall be treated as a general unsecured claim. |
|---|---|
| Class 12- Secured Claim of E. Craviero, Tax Collector | Class 12 is impaired by this Plan, and to the extent it is a secured claim due to a lien on the Debtors' interest in 22 White Street Place, Unit 3, Somerville, MA will be paid in full over five years at the statutory interest rate. |
| Class 13- Secured Claim of Freddie Mac | Class 13 shall receive no payments under the Plan. |
| Class 14- Secured of Bank of America | Class 14 Class 13 shall receive no payments under the Plan. |
| Class 15- Mike Hogan, Tax Collector | Class 15 Class 13 shall receive no payments under the Plan. |
| Class 16- BB&T, to the extent allowed as a secured claim under section 506 of the Code | Class 16 is impaired by this Plan, and shall be shall be paid the full amount of the allowed secured claim as follows: Over 5 years, with 4% interest per annum. |
| Class 17 - General Unsecured Creditors | Members of this class shall receive, on a pro rata basis, distribution of $10,750.00, with payments on a quarterly basis. |
| Class 18- General Unsecured Creditors | Members of this class shall receive the lesser of (a) the full value of the allowed claim, or (b) a payment of $20.00. |